UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-24337

PATRICK ESCARMENT,

        Plaintiff,

vs.

JETSET FRANKLIN, LLC., and
ELEONORA TODARO,

        Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, PATRICK ESCARMENT (hereinafter, "Plaintiff") through counsel, sues Defendants, JETSET FRANKLIN, LLC., and ELEONORA TODARO (collectively, "Defendants") and alleges the following:

1. This is an action for damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et. seq.

2. Plaintiff resides in Broward County, Florida and is a former employee of Defendants.

3. Defendant, JETSET FRANKLIN, LLC., is a Florida limited liability company, which is registered and conducting business within the State of Florida.

4. At all times material hereto, Defendant, JETSET FRANKLIN, LLC., was engaged in commerce in the hotel business, and as part of its operations, caused its employees, inlcuding Plaintiff, to handle materials and further utilized

    equipment and tools and that were manufactured in other states and had moved in interstate commerce.

5. At all times material hereto, Defendant, JETSET FRANKLIN, LLC., was the "Employer" of Plaintiff as that term is defined under statutes referenced herein and was an "Enterprise" as it, along with its employees, was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, ELEONORA TODARO, was a resident of the State of Florida and was, and now is, the managing agent, director and/or owner of Defendant, JETSET FRANKLIN, LLC., said Defendant acted and acts directly in the interests of the Defendant, JETSET FRANKLIN, LLC., in relation to said co-Defendant's employees. Defendant, ELEONORA TODARO, effectively dominates JETSET FRANKLIN, LLC., administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant ELEONORA TODARO was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a security guard on or about December 28, 2015 through August 23, 2016, earning a pay rate of $9.00 per hour.

8. From January 1, 2016 through August 19, 2016, Plaintiff estimates that he worked anywhere between 42 to 66 hours per week (averaging approximately 56 hours of

        work per week) and was only paid a straight-time rate for all hours worked in excess of 40 each week.  Plaintiff was never compensated an over-time rate for the additional 16 hours of overtime he averaged each week.  Accordingly, the estimated amount of damages owed to Plaintiff are as follows:

        a.  33 weeks worked x $9.00 per hour x 0.5 x an average of 16 hours of overtime per week x 2 (liquidated damages) = $4,752.00.

9. Defendants have knowingly and willfully refused to tender payment of wages owed to Plaintiff full well knowing that he was not exempt from overtime.

10. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

11. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### ALL DEFENDANTS

12. Plaintiff reavers and realleges paragraphs 1-11 herein.

13. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

14. Plaintiff seeks recovery of damages as referenced above and further seeks costs and attorney's fees pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Rd. – Suite 132
Plantation, FL. 33324
Phone:           (954) 585-4878
Facsimile:      (954) 585-4886
E-Mail: JLoren@goldbergloren.com

_____
James M. Loren, Esquire
Bar No.: 55409

4